# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PYOTR SARKISOV, | : | Civil No. 04-2526 (WJM) |
| Petitioner, | : | |
| v. | : | **O PINION** |
| JAMES W. ZIGLAR, et al. | : | |
| Respondents. | : | |

**APPEARANCES**:

    PYOTR SARKISOV, A# 70-326-556, Petitioner Pro Se
    Metropolitan Detention Center, 29th Street
    Brooklyn, New York

    DONNA A. KRAPPA, Assistant United States Attorney
    CHRISTOPHER J. CHRISTIE, United States Attorney
    Federal Building, Room 700
    970 Broad Street, Newark, New Jersey 07102
    Attorneys For Respondents

**MARTINI, DISTRICT JUDGE**

Petitioner Pyotr Sarkisov, an alien formerly confined by the Bureau of Immigration and Customs Enforcement ("BICE") at the Passaic County Jail in Passaic, New Jersey, brought a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his allegedly indefinite detention by the BICE pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001). Before the Court is Respondents Motion to Dismiss the Petition. For the reasons set forth below, the Court will grant Respondents' motion and deny the application for relief.

## I. BACKGROUND

Petitioner is a native of Ukraine. (Petition, ¶ 9.) He entered the United States on or about January 11, 1990 as a refugee. (Id., ¶ 8) His status was adjusted to that of a permanent resident in 1992. (Id.) After a conviction, Sarkisov was sentenced to 72 months' confinement and a three-year term of supervised release on or about May 19, 1995. (Id., ¶ 11.) He was found to be deportable, and ordered by an Immigration Judge ("IJ") to be removed from the United States to Ukraine on October 22, 1999. (Id., ¶ 12.) Petitioner was taken into immigration custody on March 3, 2000, and was released on or about August 3, 2001. (Id.)

Petitioner was returned to imprisonment after violating the conditions of his supervision. He was then taken into BICE custody on February 24, 2004. (Id., ¶ 14.) Thereafter, he was taken into custody by the FBI and currently is incarcerated at the Metropolitan Correction center in Brooklyn, New York. (Certification in Lieu of Affidavit of Donna A. Krappa, A.U.S.A., in Support of Respondents' Motion to Dismiss.) Petitioner asserts that the BICE has thus far been unable to remove him to the Ukraine; he adds that this is because Ukrainian authorities do not recognize him to be a citizen. (Id., ¶ 15.) Petitioner seeks his immediate release from custody, arguing that as he is not likely to be deported to Ukraine in the reasonably foreseeable future, he is entitled to habeas corpus relief under Zadvydas, supra.

## II. DISCUSSION

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a)  Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
>
>     . . .
>
> (c)  The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

This Court has jurisdiction under § 2241 to entertain an alien's habeas corpus challenge to removal and post-removal detention.  See Zadvydas v. Davis, 533 U.S. 678, 688 (2001); Immigration and Nationality Service v. St. Cyr, 533 U.S. 289 (2001); Gerbier v. Holmes,  280 F.3d 297, 302 (3d Cir. 2002).  However, as noted by the Court in Lemeshko v. Wrona, 325 F. Supp. 778, 783 (E.D. Mich. 2004):

> After an alien is ordered removed from the United States, the Attorney General must remove the alien within a period of ninety days. 8 U.S.C. § 1231(a)(1)(A). This period of ninety days may be extended an additional ninety days thus allowing the Attorney General a total period of six-months in which to remove an alien subject to an order of removal. 8 U.S.C. § 1231(a)(1)(c). The United States Supreme Court has upheld the constitutionality of the six-month detention period following a final order of removal. Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed.2d 653 (2001). Generally, the six month period begins to run on the date the order of removal becomes administratively final. 8 U.S.C. § 1231(a)(1)(B)(i)-(ii).  Where an alien subject to a final order of removal is imprisoned, "the Attorney General may not remove [the] alien who is sentenced to imprisonment until the alien is released from imprisonment.  8 U.S.C.  § 1231(a)(4)(A). [Emphasis Added.]

Petitioner was ordered removed from the United States on October 22, 1999. (Pet., ¶ 12.) However, he subsequently was taken into the custody of the Federal Bureau of Prisons ("BOP") on February 24, 2004, and pled guilty to federal criminal gun charges; he currently remains in BOP custody at the Brooklyn MDC. (Certification in Lieu of Affidavid of Donna A. Krappa, A.U.S.A., in Support of Respondents' Motion to Dismiss.)  Therefore, the short answer to Petitioner's claim is that his claim is not ripe for adjudication, as "numerous courts have held that an alien subject to a final order of removal cannot be removed until the completion of his prison sentence." Lemeshko, supra. at 784 (citing cases).  Petitioner has pled guilty to the aforesaid gun charges; his present release date appears to be August 7, 2006 (Bureau of Prisons Inmate Locator).  As Petitioner is not in immigration custody and has not been released from imprisonment into such custody, he is not entitled to habeas corpus relief. Lemeshko, supra at 784.

### III. CONCLUSION

For the reasons stated above, the Court will grant Respondents' Motion to Dismiss the Petition.  An appropriate Order accompanies this Opinion.

       s/William J. Martini

       _____
       **WILLIAM J. MARTINI**
       **UNITED STATES DISTRICT JUDGE**

**DATED   August 30, 2005**